**DE SOTO SECURITIES CO., Inc., et al. v. SAMPLE.** *

No. 4982.

Court of Appeal of Louisiana. Second Circuit.

March 8, 1935.

W. M. Pollock, of Mansfield, for appellant.

L. E. Colvin, of Mansfield, for appellees.

MILLS, Judge.

The De Soto Securities Company, Inc., and J. M. Ford, appearing for the use and benefit of the former, join in this action against Herbert B. Sample, alleging an indebtedness of $899.06.

The dispute arose out of the following transactions: I. N. Pharris was indebted on open account unto J. M. Ford in the amount claimed. The debtor was being sued for a large sum and was desirous of disposing of his property before it became subject to execution. Recognizing the justness of Ford's claim, which was for subsistence in time of need, Pharris as security assigned to Ford an interest in the Deason oil lease on land in Rusk county, Tex. On February 1, 1932, Sample, having acquired the remaining interest of Pharris in the Deason lease, executed the following instrument:

"To a/c.............................. $904.06
"Credit Meter deposit.............. 5.00
_____
"Bal. ........................ $899.06

"Having purchased I. N. Pharris' interest in Ford and Sample Deason #1 in Rusk Co., Texas, I agree to settle the above account with J. M. Ford the said J. M. Ford agreeing at same time to transfer any interest in same to H. B. Sample.

"H. B. Sample
"J. M. Ford."

Ford being indebted unto the De Soto·Securities Company, Incorporated, and being pressed by them for additional collateral, on November 29, 1932, delivered to them, as such, the above document upon which they are now suing.

Defendant filed a plea of prematurity, which was properly referred to the merits as it is based entirely upon the defense set up

---

*Judgment corrected on rehearing, see 160 So. 157.

in the answer. He interposed also an exception of no cause or right of action, which was overruled. As it is not urged here, it will not be passed upon.

The defense is:

■ First, that Sample, in signing the instrument sued on, did not intend to assume any personal responsibility for the Pharris debt. That the real agreement was that Ford was to be paid out of the first revenues from the producing well drilled on the Deason tract in a sufficient amount to pay the Pharris debt, after which the interest held by Ford was to be assigned to Sample, who was only personally liable in the event the oil runs failed to liquidate the account. That though nothing has been paid to Ford or his assignee, the well is yielding a revenue and the suit is premature until it is shown that this revenue will not ultimately pay off the account. That if the instrument evidences any other agreement it was signed and executed by defendant in error.

Second, that in a subsequent deal between Ford, Sample and others, and C. D. Shallenberger, Ford transferred to the latter his interest in the Deason lease for stock to be issued in a corporation to be formed, which constituted a payment of the Pharris debt.

As to the first defense, the testimony of Ford and Sample is directly contradictory. That of the former is supported by the clear, explicit, and unambiguous language of the instrument, creating a clear preponderance in favor of plaintiff on the questions of fact, intent, and error.

As to the second defense, the record discloses that on August 9, 1932, Ford, together with H. B. and G. W. Sample, assigned all their interest in the lease to C. D. Shallenberger. At the same time a counter letter was executed evidencing an agreement that Shallenberger should have until December 15, 1932, to acquire complete ownership of the property and convey it to a corporation to be formed. It recites that stock was to be issued to the various assignors as an additional consideration to the $1 expressed. Failing to carry out his part of the agreement by the specified time, Shallenberger was to reconvey the interests assigned to him. Shallenberger did not secure the outstanding interests and did not form the corporation. He is still holding the interests assigned as trustee for the assignors. Ford testifies that he made the assignment to Shallenberger at the request and for the benefit of Sample. That he never contemplated receiving for himself any stock in the proposed corporation. At the trial he delivered to Sample a written disclaimer of any interest in the Deason lease declaring that any interest appearing in his name or accruing to him in the Shallenberger transaction is the property of H. B. Sample.

While the well is a good producer, it has paid nothing to the owners because of the proration regulations, and for the further reason that it has been, in some not clearly explained litigation, in the hands of a receiver. It appears to promise ultimate payment, in which event, under the disclaimer, Sample will be reimbursed the amount of the Pharris debt to Ford. Sample admits that the transfer to Shallenberger was at his request. We are satisfied from the testimony that in acceding to it Ford never intended to release Sample from his obligation to pay the Pharris debt. Had there been such an intention, the instrument evidencing the obligation would have been surrendered.

■ We find the judgment appealed from, in favor of the De Soto Securities Company, Incorporated, for the amount claimed, correct. Plaintiff, in its brief, finds fault with the period for which interest is assessed, but as it has neither appealed nor answered the appeal of defendant, we can extend no relief.

For the reasons assigned above, the judgment appealed from is affirmed.